# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| WHITNEY BANK, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-11-2164 |
| § | |
| RICHARD HANCOCK, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND OPINION

Whitney Bank[1] sued to recover amounts due under a promissory note and guarantee agreements from Richard Hancock; ODS International, Inc.; Roger Oil Tools, LLC; BJG Holdings, LLC; ODS Structures, LLC; ODS Performance, LLC; ODS Services, LLC; and Land & Sea Engineering, LLC.[2] Whitney Bank seeks the principal under the note and late fees, expenses, interest, and attorney's fees. Whitney Bank moved for summary judgment on its claims and on its request for attorney's fees and costs.[3] The defendants did not respond to Whitney Bank's motion.

---

[1] The original lender in the loan documents was "Whitney National Bank." On June 4, 2011, Whitney National Bank merged with Hancock Bank of Louisiana. The successor bank's name was changed to "Whitney Bank." (Docket Entry No. 29 at 4).

[2] Land & Sea Engineering, LLC was formerly known as "ODS Engineering, LLC." (Docket Entry No. 29 at 3 n.1).

[3] Whitney Bank has submitted the following exhibits in support of its summary judgment motion: an affidavit of Jerome Johnson, (Docket Entry No. 29 at 1–5); Commercial Business Loan Agreement for Lines of Credit dated June 18, 2008, (*Id*. at 6–16); Commercial Note (Revolving Line of Credit) dated June 18, 2018, (*Id*. at 17–19); Security Agreement dated June 18, 2008, (*Id*. at 20–29); Continuing Guaranty dated June 18, 2008, (*Id*. at 30–34); Amended and Restated Commercial Business Loan Agreement for Lines of Credit dated December 22, 2008, (*Id*. at 35–46); Commercial Note (Revolving Line of Credit) dated December 22, 2008, (*Id*. at 47–49); Security Agreement dated December 22, 2008, (*Id*. at 50–58); Amendment and Ratification of Previously Executed Security Agreement dated December 22, 2008, (*Id*. at 59–61); Continuing Guaranty dated December 22, 2008, (*Id*. at 62–67); Ratification of Guaranty Agreement dated December 22, 2008, (*Id*. at 68–72); First Amendment to Amended and Restated Commercial Business Loan Agreement for Lines of Credit dated June 30, 2009, (*Id*. at 73–82); Commercial Note (Revolving Line of Credit) dated June 30, 2009, (*Id*. at 83–86); Demand Letter dated May 19, 2011, (*Id*. at 87–91); Limited Forbearance Agreement dated May

Based on the complaint, motion, record, and relevant law, summary judgment is granted for Whitney Bank on its claims against the defendants under the promissory note and guarantee agreements. Whitney Bank is also awarded $47,956.25 for its reasonable attorney's fees and costs. Final judgment is entered by separate order.

The reasons for these rulings are explained below.

I.   **Background**

In June 2008, Whitney Bank agreed to extend a $2 million revolving line of credit to ODS International, Inc. The parties executed a promissory note with an original maturity date of June 30, 2009. (Docket Entry No. 29 at 6–34). On December 22, 2008, ODS International; its coborrower, Roger Oil Tools, LLC; and its guarantors, Hancock, BJG Holdings, ODS Structures, ODS Performance, ODS Services, and Land & Sea, entered into an amended loan agreement that increased the original loan principal from $2 million to $3 million. This second note also matured on June 30, 2009. (*Id*. at 35–72). Around June 30, 2009, the borrowers and guarantors executed another amendment to the loan agreement extending the maturity date to June 30, 2010 (the "Third Note"). (*Id*. at 73–86).

When the Third Note matured on June 30, 2010, the borrowers and guarantors failed to pay the amounts. Demand for payment achieved no result. The unpaid principal amount was $2,218,770.23, not including interest. (*Id*. at 87–91).

On May 24, 2011, the parties entered into a forbearance agreement in which the defendants acknowledged that they had executed the loan documents and that they were in default under the third note. The forbearance agreement required the defendants to make certain monthly payments

---

24, 2011, (*Id*. at 92–105); and the Affidavit of Yasmin Atasi in Support of Attorney's Fees, Costs, and Expenses, (*Id*. at 106–111). Whitney Bank's summary-judgment exhibits are cited according to the summary-judgment appendix's internal pagination.

2

and to release Whitney Bank from any claims. Hancock also agreed to cooperate with Whitney Bank in having an agreed judgment entered against him for the unpaid amount due.

The forbearance agreement expired on December 1, 2011, making the entire unpaid balance due. (*Id.* at 92–105). Whitney Bank filed suit and asked Hancock to perform the agreement by having judgment entered against him. Hancock refused, which terminated the parties' forbearance agreement. Whitney Bank moved for summary judgment on its claims for payment of the amounts due and for attorney's fees and costs. The defendants have not filed a response.

## II.     The Summary-Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*,

37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary-judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

**III.     Analysis**

    **A.     The Claims Under the Third Note and Guarantee Agreements**

Under Texas law, the elements of a suit on a note are: (a) the existence of the note in question, (b) the defendant signed the note, (c) the plaintiff is the owner and holder of the note, and (d) a certain balance is due and owing. *Roberts v. Roper*, 373 S.W.3d 227, 232 (Tex. App.—Dallas 2012, no pet.); *SMS Fin., Ltd. Liability Co. v. ABCO Homes, Inc.*, 167 F.3d 235, 238 (5th Cir. 1999) (citing *Bean v. Bluebonnet Sav. Bank, FSB*, 884 S.W.2d 520, 522 (Tex. App.—Dallas 1994, no writ)). Absent controverting evidence, affidavit testimony together with a true and correct copy of the note proves ownership for summary-judgment purposes. *See Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex. 1983). Whitney Bank has submitted the Third Note, (Docket Entry No. 29 at 83–86),

signed by Hancock in his capacity as an officer for the defendants, ODS International and Rogers Oil. Whitney National Bank is the payee under the Note terms, and Whitney Bank is its successor-in-interest. Jerome Johnson, vice-president of Whitney Bank, has sworn by affidavit that, as of February 25, 2013, there was a principal balance owing under the Note of $2,218,770.23 and additional interest due. (*Id*. at 4). There is no genuine fact dispute material to the elements of Whitney Bank's claims against the borrowers under the Third Note. Summary judgment is granted in favor of Whitney Bank.

Whitney Bank also moves for summary judgment on its claims against the guarantors. Under Texas law, to recover on a guaranty of a promissory note, a plaintiff must show proof of (1) the existence and ownership of the guaranty contract, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor. *See, e.g.*, *Vaughn v. DAP Fin. Servs., Inc*., 982 S.W.2d 1, 4 (Tex. App.—Houston [l st Dist.] 1997, no pet.); *Haggard v. Bank of Ozarks, Inc*., 668 F.3d 196, 199 (5th Cir. 2012) (quoting *Marshall v. Ford Motor Co.*, 878S.W.2d 629, 631 (Tex. App.—Dallas 1994, no writ). Whitney Bank has submitted the guarantee agreements as part of the summary-judgment record. (Docket Entry No. 29 at 30–34, 62–72). The guarantee agreements are signed by Hancock in his individual capacity and in his capacity as an officer for the defendants, BJG Holdings, ODS Structures, ODS Performance, ODS Services, and Land & Sea. Whitney Bank has also showed that the coborrowers defaulted on their debt to Whitney Bank under the Third Note and that the guarantors have failed to repay that debt. (*Id*. at 4). Because there is no genuine fact dispute material to the elements of Whitney Bank's claims against the guarantors, summary judgment is granted in favor of Whitney Bank.

  **B.**  **The Request for Attorneys' Fees and Costs**

Whitney Bank seeks its reasonable attorneys' fees and expenses incurred in this litigation. Whitney Bank supports its fee request with an affidavit by its lead attorney in this case, Yasmin Islam Atasi. According to Atasi's affidavit, lawyers and staff from both the banking law and litigation groups at Winstead P.C. worked on this case. The lawyers and staff from the banking law group seek $15,701.21 in fees for tasks that included the following: "[c]ompile, review and audit loan documents; [d]evelop strategies for collection and exercise of remedies; [p]repare initial notices and default letter; [c]onduct and review lien and judgment searches; [p]repare forbearance documents; [and c]ommunications with client." (Docket Entry No. 29 at 107). The banking group's fees were reduced by 15 percent off the amount charged based on the reported hourly rates. The rates, time billed, and fees are as follows:

| Timekeeper | Title | Total Hours | Year Licensed | Hourly Rate | Total |
|---|---|---|---|---|---|
| Nelson Block | Shareholder | 27.8 | 1976 | $510 (2011) | $12,051.30 |
| Nelson Block | Shareholder | 2.0 | 1976 | $530 (2012) | $901.00 |
| Kathryn Blackney Oakes | Associate | 9.1 | 2008 | $255 (2011) | $1,972.43 |
| Kathryn Blackney Oakes | Associate | 2.3 | 2008 | $285 (2012) | $557.18 |
| Nancy Green | Paralegal | 1.2 | N/A | $215 | $219.30 |
| **Total:** | | 42.4 | | | **$15,701.21** |

The lawyers and staff from the litigation group seek $30,155.04 in fees. The litigation group performed the following tasks: "[c]ommunications with the client regarding litigation strategy; [r]eview the loan documents at issue; [i]nvestigate the underlying claims; [p]repare Whitney Bank's Original Complaint; [p]repare initial disclosures and certificate of interested parties; [r]eview

defendants' original answers; [p]repare Joint Discovery / Case Management Plan; [p]repare several Motions to Continue Deadlines to Amend Pleadings and add parties; [a]ttend the Scheduling Conference; [p]repare First Amended Complaint; [and p]repare motion for summary judgment and supporting affidavit and evidence." (*Id.* at 108). These fees also were reduced by 15 percent from the amount charged based on the reported hourly rates. The rates, time billed, and fees are as follows:

| Timekeeper | Title | Total Hours | Year Licensed | Hourly Rate | Total |
|---|---|---|---|---|---|
| Yasmin Atasi | Shareholder | 36.90 | 1990 | $450 (2011) | $ 14,114.25 |
| Yasmin Atasi | Shareholder | 21.90 | 1990 | $475 (2012) | $8,842.13 |
| Andrew Schumacher | Associate | 4.90 | 2005 | $335 (2012) | $1,395.28 |
| Jason Bernhardt | Associate | 13.40 | 2004 | $380 (2012) | $4,328.20 |
| Kim Goldberg | Paralegal | 8.90 | N/A | $195 (2012) | $1,475.18 |
| **Total:** | | 86 | | | **$30,155.04** |

In addition to seeking $45,856.25 in fees for 128.4 hours of work, Whitney Bank also requests $2,100 for "filing fees, costs of court, reproduction costs, courier services, real property record searches, mailing and Federal Express fees." (*Id.* at 110).

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Section 38.001(8) of the Texas Civil Practice & Remedies Code and the loan documents, (Docket Entry No. 29 at 76), permit Whitney Bank to recover its reasonable attorney's fees and expenses. Under this statute, a court must award reasonable attorney's fees and costs if there is proof that the request is

reasonable and the plaintiff has been awarded damages. *Mathis*, 302 F.3d at 462 (citing TEX. CIV. PRAC. & REM. CODE § 38.001(8)). This court has granted summary judgment in favor of Whitney Bank, which has the burden of showing the reasonableness of the fees it seeks and submitting documents that support those fees. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (citations omitted).

Texas courts use the lodestar method for calculating reasonable fees. *Toshiba Mach. Co., Am. v. SPM Flow Control, Inc.*, 180 S.W.3d 761, 782 (Tex. App.—Fort Worth 2005, pet. granted, judgm't vacated w.r.m.); *see also Guity v. C.C.I. Enter.*, 54 S.W.3d 526, 528 (Tex. App.—Houston [1st Dist.] 2001, no pet.) ("In determining the reasonableness of attorney's fees, the fact finder must be guided by a specific standard. This standard is substantially similar under both federal law and state law."). The first step is to determine the reasonable hourly rate for the attorneys and nonlegal personnel who worked on the case. The reasonable hourly rate is based on "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The second step is to determine the number of hours "reasonably expended" by the attorneys. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008). The court then multiplies the hours "reasonably expended" by the reasonable hourly rate to determine the lodestar figure. *Id.*[4]

---

[4] Once the lodestar is determined, a court must determine whether to increase or decrease the amount based on the factors set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). The twelve *Johnson* factors are (1) the time and labor involved, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to this case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of counsel, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Id.* at 717–19. Texas courts weigh similar factors under Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct to determine reasonable fees. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); *Brazos Elec. Power Co-op., Inc. v. Weber*, 238 S.W.3d 582, 585–87 (Tex. App.—Dallas 2007, no pet.). The Atasi affidavit addresses the *Johnson* factors but does not seek an upward or downward adjustment to the lodestar. No adjustment is warranted.

The defendants have not filed any opposition to Whitney Bank's fee request. "[I]n the context of a fee award to be paid by a litigation opponent, the court generally is not obliged to scrutinize the fee motion in the absence of formal opposition to the fee request. Accordingly, if the party against whom fees will be assessed does not oppose the fee motion . . . , the court may treat the failure to oppose the motion as a concession of the right to a fee or its amount." 2 MARY FRANCIS DERFNER & ARTHUR D. WOLF, COURT AWARDED ATTORNEY FEES, ¶ 18.03[3][a], at 18–54 (2010) (citing cases); *see also Rhoads v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999) (affirming fee award when the appellant did not object and the appellee provided an affidavit to the district court setting forth the amount of fees); *United States ex rel. Wallace v. Flintco, Inc.*, 143 F.3d 955, 971 (5th Cir. 1998) (affirming fee award when the law provided for the award and the appellant did not object) (citing *Powell v. Old S. Life Ins. Co.*, 780 F.2d 1265, 1268 (5th Cir. 1986)).

The number of hours expended and the hourly rates charged in this case are reasonable. Whitney Bank was required to file a complaint, an amended complaint, and a summary-judgment motion, and to attend several hearings, despite clear liability and a contractual agreement to enter into a judgment. Whitney Bank's attorneys' degree of preparation, as reflected in the number of hours its attorneys spent working on this case, is reasonable given that over $2 million is at stake. The hourly rates charged by Whitney Bank's attorneys are also reasonable in light of their experience, areas of expertise, and the prevailing hourly rates in the Houston area. *See, e.g.*, *Amlin Corporate Member, Ltd. v. Logistics Group Intern., Inc.*, 2011 WL 3271335, at *5 (S.D. Tex. July 28, 2011) (finding that $250 was a reasonable rate for a litigator with five years of experience); *Chaparral Texas, L.P. v. W. Dale Morris, Inc.*, 2009 WL 455282, at *5 (S.D. Tex. Feb. 23, 2009) (awarding fees at hourly rates of approximately $400 for a commercial litigator with 21 years of experience and $280 for a commercial litigator with 6 years of experience). The records do not

show duplicative or unnecessary work, unreasonably high fees, or excessive costs.

Whitney Bank's motion for summary judgment on attorney's fees and costs is granted.

**IV.    Conclusion**

For the reasons stated above, summary judgment is granted for Whitney Bank on its claims against the defendants under the promissory note and guarantee agreements. Whitney Bank is also awarded $47,956.25 for its reasonable attorney's fees and costs.

Final judgment is entered by separate order.

SIGNED on April 5, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge